BOLTON v. UNITED STATES FIDELITY & GUARANTY CO. et al.

(No. 1290.)

(Court of Civil Appeals of Texas. Texarkana. March 26, 1914.)

APPEAL AND ERROR (§ 387*)—PERFECTION OF APPEAL—BOND.

Where a judgment appealed from was rendered at a term of the district court ending April 5th, and the motion for new trial was overruled April 4th, but appellant did not file an appeal bond until June 12th, there was no compliance with Rev. St. 1911, art. 2084, requiring an appeal bond to be filed within 20 days after the expiration of the term, and the appeal would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064–2070; Dec. Dig. § 387.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action between James E. Bolton and the United States Fidelity & Guaranty Company and others. Judgment for the company, and Bolton appeals. Dismissed.

Pierson, House & Pierson, of Dallas, for appellant. Hunt, Myer & Teagle, of Houston, and Seay & Seay, of Dallas, for appellee United States Fidelity & Guaranty Co. J. L. Goggans, of Dallas, for appellee Dallas County.

WILLSON, C. J. It appears that the judgment appealed from was rendered January 25, 1913, at a term of a district court for Dallas county, which commenced January 7th, and which by authority of law (article 30, subd. 44, p. 33, R. S. 1911) continued until April 5, 1913. It further appears that appellant's motion for a new trial was overruled April 4, 1913, and that he then gave notice of an appeal to the Court of Civil Appeals for the Fifth District. It further appears that appellant was a resident of Dallas county, and that he did not file an appeal bond until June 12, 1913. So much appearing, it is clear, under repeated decisions of the courts of this state construing article 2084, R. S. 1911 (Burr v. Lewis, 6 Tex. 80; Ry. Co. v. Whatley, 99 Tex. 128, 87 S. W. 819; Trim v. Planters' Cotton Oil Co., 163 S. W. 103), that this court has not jurisdiction to hear and determine the appeal. Said article of the statutes is as follows: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county." It will be noted that appellant, being a resident of the county where the cause was tried, to comply with the statute should have filed the appeal bond within 20 days from April 4, 1913, when he gave notice of an appeal, and that, instead of doing so, he delayed filing same until more than 60 days had elapsed after such notice was given. In this attitude of the case all we can do is to dismiss the appeal.